ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| ECC International Constructors, LLC | ) | ASBCA No. 59586 |
| | ) | |
| Under Contract No. W912ER-10-C-0054 | ) | |

APPEARANCES FOR THE APPELLANT:    R. Dale Holmes, Esq.
Michael H. Payne, Esq.
  Cohen Seglias Pallas Greenhall & Furman
  Philadelphia, PA

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
Sarah L. Hinkle, Esq.
Geoffrey A. Mueller, Esq.
Matthew Tilghman, Esq.
Kathryn G. Morris, Esq.
  Engineer Trial Attorney
  U.S. Army Engineer District, Middle East
  Winchester, VA

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S
MOTION FOR RECONSIDERATION

The government moves for reconsideration of our January 6, 2022 opinion in this appeal concerning the construction of a military compound in Afghanistan. *ECC Int'l Constructors, LLC (ECCI)*, ASBCA No. 59586, 22-1 BCA ¶ 38,028 at 184,683. We assume familiarity with that opinion.

In deciding a motion for reconsideration, we examine whether the motion is based upon newly discovered evidence, mistakes in our findings of fact, or errors of law. *Phoenix Data Sols., LLC f/k/a Aetna Gov't Health Plans*, ASBCA No. 60207, 18-1 BCA ¶ 37,165 at 180,930. In addition, we are obligated to assure ourselves that we have jurisdiction to entertain an appeal. *Betance Enters., Inc.*, ASBCA No. 62819, 21-1 BCA ¶ 37,881 at 183,980.

In our January 6, 2022 opinion, we dismissed the government's claim for liquidated damages for lack of jurisdiction, and dismissed appellant's claim for liquidated damages as moot, without prejudice, concluding that "we see no liquidated damages issue

to adjudicate on its merits." *ECCI*, ASBCA, 22-1 BCA ¶ 38,028 at 184,683. We explained:

> The parties each claim $940,274 in liquidated damages ostensibly withheld by the government and arising from this contract for the design and construction of a military compound in Afghanistan. . . . The government has the burden of proving that the Board possesses jurisdiction to entertain its claim for liquidated damages by demonstrating that the assessment of liquidated damages is memorialized in a timely final decision by a contracting officer. The government does not demonstrate that a contracting officer has issued a final decision assessing liquidated damages. The government's post-hearing reply brief references a January 18, 2014 contracting officer's final decision, but that decision addresses appellant's request for a time extension and more than $800,000; that decision does not assess liquidated damages against appellant. Because the government does not satisfy its burden to establish our jurisdiction to entertain its claim to liquidated damages, that claim is dismissed for lack of jurisdiction. Consequently, what the government says is $940,274 in liquidated damages is actually, at least at this point, a contract balance presumably owed to appellant.

*Id.* (internal citations omitted).

The government says that it agrees that there was "no liquidated damages issue to adjudicate on its merits" (gov't mot. at 1), but says:

> Where we part ways with the decision is with the premise that the government ever bore any burden to establish jurisdiction in the first place. The Board opines that in order to retain the liquidated damages that the government has collected on this contract, the government needed to establish this Board's jurisdiction. Accordingly, after concluding that the government did not establish jurisdiction, the Board concludes, in dicta, that "what the government says is $940,274 in liquidated damages is actually, at least at this point, a contract balance presumably owed to appellant." We respectfully disagree that the government owes that balance to ECCI, and for that reason submit this motion for reconsideration.

2

(*Id.*) The government continues:

> the Board erred as a matter of law that the Government had the burden of proving jurisdiction over [*appellant's*] claim for remission of liquidated damages, and erred in holding that, with the Board's dismissal, "what the government says is $940,274 in liquidated damages is actually, at least at this point, a contract balance presumably owed to appellant."

*Id.* at 7 (emphasis added).

The government also says that "the government has not *actually* submitted a claim for liquidated damages to this Board" (*id.* at 3 (emphasis added)). If it hasn't, it certainly sounds like it has. In their post-hearing briefing, both appellant *and the government* claimed $940,274 in liquidated damages (*see* gov't br. at 40 ("The government is entitled to $940,274 in liquidated damages, as established above. *See*, *supra*, Section entitled 'Government's Claim for Liquidated Damages.'"); app. br. at 111-12). In paragraphs 9 through 14 of its post-hearing brief, which the government wholly ignores in requesting reconsideration, the government explained:

GOVERNMENT'S CLAIM FOR LIQUIDATED DAMAGES

9. The Contract established liquidated damages in the amount of $2,338.99 for each calendar day of delay after the project's completion date. R4, Tab 5, p. 39, ¶ 52.211-12.

10. The project's final completion date was February 22, 2013, established by Modification P00016. R4, Tab 30.

11. On January 18, 2014, the Contracting Officer found that ECCI was entitled to a time extension of 19 days, which was not incorporated into the Contract by modification. R4, Tab 2. The revised completion date should be March 13, 2013.

12. Work substantially completed on April 19, 2014, with turnover and acceptance of the JOC and Communications buildings. R4, Tab 727.

13. The difference between the revised contract completion and actual substantial completion dates, March 13, 2013, and April 19, 2014, is 402 days.

14.  The amount of liquidated damages for the delay of 402 days is $940,273.98.

The government is entitled to the amount of $940,273.98 in liquidated damages because ECCI completed the project 402 days late.  As shown below, the government was not responsible for any of the delay in completion of the project.

(Gov't br. at 3)  And in its post-hearing sur-reply brief, which the government also ignores, the government further explained that:

"The assessment of liquidated damages is a government claim and the government has the initial burden of proving that a contractor failed to meet the contractual completion date and that the period of time for which it assessed liquidated damages was correct."  . . .  The Government has met this burden.

(Gov't sur-reply br. at 1)

In view of the government's representations in its post-hearing briefing, we deny the government's motion to reconsider to the extent that the government has, perhaps inadvertently, asserted the type of liquidated damages claim for which the government might have the burden to prove jurisdiction.  *See ASFA Int'l Constr. Indus. & Trade, Inc.*, ASBCA No. 57880, 14-1 BCA ¶ 35,736 at 174,906.  But that is not the end of the story.  The briefing on the motion to reconsider persuades us that in arriving at our January 6, 2022 opinion, we overlooked that in May 2021 post-hearing briefing addressing our jurisdiction to entertain the government's liquidated damages claim, both parties point to an April 9, 2014 pay estimate (R4, tab 816) in which the administrative contracting officer assessed and withheld $940,273.98 in liquidated damages for 402 days of delay (gov't May 11, 2021 br. at 2; app. May 11, 2021 br. at 1).[1]  That April 9, 2014 action

[1] In its May 11, 2021 brief, the government elaborated upon its claim to liquidated damages, requesting "that the Board find that it possesses jurisdiction to hear the Government's claim for liquidated damages to the extent that the Board finds it possesses jurisdiction to hear Appellant's claims for time extensions" (gov't May 11, 2021 br. at 7).  And in its May 19, 2021 filing, the government requests "that the Board find that it possesses jurisdiction to hear the government claim for liquidated damages only to the extent that the Board finds it possesses jurisdiction to hear Appellant's claims for time extensions based on excusable delay" (gov't May 19, 2021 br. at 2).  Earlier, in a May 2021 post-hearing brief addressing the Board's jurisdiction to entertain appellant's claim to the remission of liquidated

4

means that the government has actually (not just ostensibly) withheld the $940,274 in liquidated damages that both parties have claimed in this appeal, and that we erred in concluding (1) that as a result of our dismissal of the government's claim for lack of jurisdiction, there is "no liquidated damages issue to adjudicate on its merits," and (2) that "[c]onsequently, what the government says is $940,274 in liquidated damages is actually, at least at this point, a contract balance presumably owed to appellant." Because the government has withheld the liquidated damages, there is still before us appellant's claim to the remission of that withholding.[2] *See R.R. Gregory Corp.*, ASBCA No. 58517, 14-1 BCA ¶ 35,524 at 174,110-11 (contracting officer withheld liquidated damages before definitizing that assessment in a final decision; contractor appealed, and, as proponent of the claim, which claim first accrued upon withholding, contractor had the burden of proving the Board's jurisdiction).

For these reasons, the government's motion for reconsideration is denied in part and granted in part, and our January 6, 2022 opinion is amended to delete from that opinion (1) the last sentence of the second paragraph of the opinion, and (2) the last paragraph of the opinion. In a separate opinion we will address (1) appellant's claim to the remission of liquidated damages withheld on April 9, 2014; and (2) the government's position regarding its entitlement to keep those liquidated damages.

Dated: May 2, 2022

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

damages, the government stated that "[w]hile Appellant has described remission of liquidated damages in the amount of $940,274.00 as a contractor claim for delay damages, ECCI post-hr'g br., at 110-11, *it is in fact the Government's claim to assessment of liquidated damages, to which Appellant must present an affirmative defense*" (gov't May 7, 2021 br. at 15 (emphasis added)).

[2] We understand that the government asserts entitlement to keep the liquidated damages that appellant requests be remitted (*see* gov't br. at 3, 40; gov't sur-reply br. at 1-3; app. br. at 111, 117). We also understand that although appellant in at least one point in its post-hearing briefing requests the remission of the entire $940,274 withheld, elsewhere it requests remission of only 400 days' worth of that 402-day amount (app. br. at 111, 117).

5

I concur                                           I concur

RICHARD SHACKLEFORD               OWEN C. WILSON
Administrative Judge                    Administrative Judge
Acting Chairman                         Vice Chairman
Armed Services Board                 Armed Services Board
of Contract Appeals                    of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59586, Appeal of ECC International Constructors, LLC, rendered in conformance with the Board's Charter.

Dated: May 3, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

6